UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUDITH RISCH,**<br>1614 Kater Street<br>Philadelphia, PA  19146<br><br>    PLAINTIFF,<br><br>    v.<br><br>**BETSY DEVOS,**<br>**Secretary**<br>U.S. Department of Education<br>400 Maryland Avenue, S.W.<br>Washington, DC 20202<br><br>    DEFENDANT. | Case No. 1:20-cv-3213<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**(Sex Discrimination, Retaliation in Federal Employment)**

1. Plaintiff Judith Risch brings this action against Defendant Betsy DeVos, Secretary, United States Department of Education, to recover compensatory damages and reasonable attorney's fees and costs for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

### PARTIES, JURISDICTION, VENUE and EXHAUSTION

2. Plaintiff Risch is a resident of Philadelphia, PA.

3. Defendant DeVos is the Secretary of the United States Department of Education (Education or Agency), an agency of the federal government.

4. Education employed Ms. Risch as an Attorney-Advisor, GS-14, in its Office for Civil Rights (OCR) at its Metro Office, located at 400 Maryland Avenue, SW, Washington, D.C.

20230. She was employed in OCR in Washington, DC from January 5, 2004 until June 1, 2016, when she transferred to Education's Philadelphia office.

5. The Civil Rights Act of 1964, as amended, provides this Court with personal jurisdiction over Education because the events giving rise to the claims that Ms. Risch allege as discriminatory and retaliatory conduct occurred at Education's headquarters in Washington, D.C.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(e)(1).

8. Ms. Risch properly exhausted her administrative remedies pursuant to 29 C.F.R. §1614.407(a) as she received the Education's final agency decision (FAD) on August 12, 2020.

## STATEMENT OF FACTS

9. On March 9, 2016, Bryon Wasserman, Ms. Risch's husband, was offered a position in Philadelphia, PA.

10. On March 10, 2016, Ms. Risch, consistent with Education's past practice, requested to transfer to the Philadelphia office or alternately to work remotely from the Philadelphia office while coming to Washington, DC 2 to 3 times a month.

11. On March 18, 2016, despite the fact that such requests were routinely granted, Ms. Risch received a curt unsigned email from Randolph Willis, Enforcement Director, which indicated there would be no accommodation for her family needs for relocation.

12. The Agency's alleged justification for denial of transfer was the absence of an open position, according to an April 29, 2010 email entitled "Transfer and Promotions." This email was not binding and did not reflect Agency practice.

13.     The Agency cited no policy whatsoever for its refusal to allow Ms. Risch to work remotely from its Philadelphia office.  The only evidence was a conclusory and unsupported representation from Mr. Willis that this arrangement was not being allowed because it "had not worked well in some instances."

14.     The Agency has routinely granted such transfers or scheduling flexibility to men but refused to do so for Ms. Risch.  When other similarly situated male attorneys had a need to transfer or workplace flexibility where there was not an open position, the Agency accommodated them.

15.     Similarly situated female attorneys have had to leave OCR employment when their husbands have been transferred and no accommodations were made.

16.     Ms. Risch filed her first informal EEO complaint on March 30, 2016.

17.     On March 30, 2016, Complainant requested that she be permitted to telework to accommodate her family's move.

18.     At the time of the request, Alice Wender, Regional Director of the Washington, DC Metro Office, admitted that no formal policy existed barring Complainant's telework request. Indeed, she noted, "I will need to discuss with Randy. Not sure what our justification for denial will be."

19.     The Chief Attorney and the Program Manager of the Washington, DC Metro Office, agreed to approve Ms. Risch's request to telework, as did Regional Director Wender.  Ms. Wender was the approving official under the Agency's purported policy with the authority to approve telework requests.

20.     The Agency's "Telework Program" states that the "Approving Official" is responsible for "reviewing and approving Telework Agreements."

21.     However, Mr. Wills violated the Agency's purported policies and overruled Ms. Wender to deny the request.

22.     Mr. Wills, who was at a level far above Ms. Risch in the organizational hierarchy, asserted that she would not have access to relevant physical files.  Mr. Willis had no knowledge of the specific work performed by Ms. Risch, and would have no knowledge of her need for physical files.

23.      On April 11, 2016, when Mr. Wills made the decision to deny telework, he was aware of Ms. Risch's informal EEO complaint.

24.     Mr. Wills was known to retaliate against attorneys who engaged in protected activities, and in one instance retaliated against an attorney in the Denver office for her potentially protected opposition to agency practices. Mr. Willis has been named as a Responsible Management Official (RMO) in two other EEO complaints that include allegations of reprisal.

25.     Despite the pretextual reason for the denial of telework, the Complaint's work did not require access to physical files.  Other attorneys had regularly been able to work successfully without access to physical files.

26.     On May 17, 2016, Ms. Risch filed a formal EEO complaint against the Agency.

27.     After moving to Philadelphia in June of 2016, Ms. Risch was able to successfully complete her job while only going into the office two days per pay period.

28.     In June 2017, due to the administration change, Ms. Risch was permitted to telework full-time from Philadelphia.  At that time nothing had changed in OCR's systems; rather there was a new Acting Assistant Secretary who took a great deal of power away from Mr. Willis and denied him the ability to engage in unlawful retaliation.

29.  Following the Agency's investigation of the complaint, Ms. Risch requested a hearing with the Equal Employment Opportunity Commission (EEOC).

30.  Following discovery, on July 16, 2018, the Agency filed a motion for summary judgment (MSJ), and on May 2, 2019, Ms. Risch filed her opposition.

31.  On August 7, 2020, an EEOC Administrative Judge (AJ) issued her decision granting the Agency MSJ.

32.  On August 10, 2020, the Agency issued its FAD upholding the AJ's decision which was received on August 12, 2020.

33.  Since being permitted to telework, Ms. Risch has been fully able to access all case files electronically and has suffered no loss in performance due to telework, further establishing that the denial of her request for telework was pretextual.

## Count I – Disparate Treatment due to Sex

34.  Plaintiff hereby restates and incorporates paragraphs 9-33.

35.  Ms. Risch was subject to unlawful discrimination on the basis of her sex (female) when on March 17, 2016, her request to transfer or be allowed scheduling flexibility was denied.

## Count II – Disparate Treatment due to Sex and Reprisal

36.  Plaintiff hereby restates and incorporates paragraphs 9-33.

37.  Ms. Risch was subjected to unlawful discrimination on the basis of her sex (female) and reprisal (for filing an informal EEO complaint) when on April 19, 2016, her telework request was denied.

## RELIEF REQUESTED

As a direct result of Defendant's discrimination, Plaintiff has suffered and continues to suffer irreparable injury to her professional career, emotional pain, loss of enjoyment of life and other

injuries.  WHEREFORE, Plaintiff Judith Risch requests judgment against Betsy DeVos, Secretary of the United Stated Department of Education, as follows:

A. $300,000.00 in compensatory and pecuniary damages.

B. Reasonable attorneys' fees and costs.

C. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Judith Risch demands a jury to determine all issues so triable.

                                      Respectfully submitted,

                                      _____/s/_____
                                      Erik D. Snyder
                                      Edward H. Passman
                                      PASSMAN & KAPLAN, P.C.
                                      1828 L Street, N.W., Suite 600
                                      Washington, D.C.  20036
                                      TEL:   (202) 789-0100
                                      FAX:   (202) 789-0101
                                      esnyder@passmanandkaplan.com
                                      DC Bar No. 1010127
                                      ehpassman@passmanandkaplan.com
                                      DC Bar No. 101840

                                      Attorneys for the Plaintiff